IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

Dennis Lee Smith               :
        Plaintiff,             :
vs.                            :  Civil Action No. 19-CV-293-JB-MU
                               :
M1 Support Services            :
        Defendant(s)           :

## COMPLAINT

1. Plaintiff resides at  5665 HWY 77 Unit D  Chipley, FL 32428

2. Name(s) of defendant(s)  M1 Support Services

3. Location of principal office(s) of the named defendant(s)  Post Office Box 620069, Fort Rucker, Alabama 36362.

4. Nature of business of defendant(s)  aviation support services, logistics, engineering services, information technology, training services, supply chain management, acquisition and facilities and equipment maintenance.

5. Approximate number of individuals employed by defendant(s)  1,000+

6. The acts complained of in this suit concern:

    (A) _____ Failure to employ me.

    (B) _X_ Termination of my employment.

    (C) _____ Failure to promote me.

    (D) _____ Other acts as specified below: _____

_____

_____

7. Plaintiff is:

    (A) \_\_\_\_ Presently employed by the defendant.

    (B) \_X\_ Not presently employed by the defendant.

        The dates of employment were April1 - April 30 2018

        (1) \_X\_ Plaintiff was discharged.

        (2) \_\_\_\_ Plaintiff was laid off.

        (3) \_\_\_\_ Plaintiff left the job voluntarily.

8. Defendant(s) discriminated against me on account of my:

    (A) \_\_\_\_ Race                    \_\_\_\_ Sex

        \_\_\_\_ Color                 \_\_\_\_ National Origin

        \_\_\_\_ Religion

Therefore, I am bringing this action for employment discrimination pursuant to Title VII of the Civil Rights Act of 1964, specifically, 42 U.S.C. § 2000e-5.

    (B) \_X\_ Physical disability

        \_\_\_\_ Mental disability

Therefore, I am bringing this action pursuant to the American with Disabilities Act, specifically, 42 U.S.C. § 12117.

    (C) \_\_\_\_ Age

Therefore, I am bringing this action pursuant to the Age Discrimination in Employment Act of 1967, specifically, 29 U.S.C. § 626.

9. The name(s), race, sex, and the position or title of the individual(s) who allegedly discriminated against me during the period of my employment with the defendant company is (are) Female Ms. Nomie (union lead person), Female Lea (avionics supervisor), Female Tonya Owens (human resource)

10. The alleged discrimination occurred on or about  April 30 2018 and November 19 2018

11. The nature of my complaint, i.e., the manner in which the individual(s) named above

discriminated against me in terms of the conditions of my employment, is as follows: _____

employment terminated

12. The alleged illegal activity took place at  Fort Rucker, AL 36362

13. I filed charges with the Equal Employment Opportunity Commission regarding alleged discriminatory conduct by defendant(s) on or about  September 26 2018

I have attached a copy of the Notice-of-Right-to-Sue letter issued by the Equal Employment Opportunity Commission. This letter was received by me on  May 10 2019

14. I seek the following relief:

(A)  _X_  Recovery of back pay.

(B)  _X_  Reinstatement to my former job, and any other relief as may be appropriate, including injunctive orders, damages, costs and attorney's fees.

Date:  June 11 2019

_Denis L. Smith_
Signature of Plaintiff

5665 HWY 77 Unit D

Chipley, FL 32428
Address of Plaintiff

( 334 ) 714-3721
Telephone Number of Plaintiff

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

| To: | Dennis L. Smith<br>5665 Highway 77 Unit D<br>Chipley, FL 32428 | From: | Mobile Local Office<br>63 S Royal Street<br>Suite 504<br>Mobile, AL 36602 |
|---|---|---|---|

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 425-2018-01263 | LANEETRA D. HARRIS,<br>Investigator | (251) 690-2583 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

*Erika LaCour* (signature)    5-10-19

Erika LaCour,
Local Office Director    (Date Mailed)

Enclosures(s)

cc: **M1 SUPPORT SERVICES**

Yvonne N. Maddalena
Attorney
JACKSON LEWIS P.C.
800 Shades Creek Parkway
Suite 870
Birmingham, AL 35209

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA):** The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.

"Actual" disability or a "record of" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):

- **The limitations from the impairment no longer have to be severe or significant** for the impairment to be considered substantially limiting.
- In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.
- **Only one** major life activity need be substantially limited.
- With the exception of ordinary eyeglasses or contact lenses, **the beneficial effects of "mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.
- An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active.**
- An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months.**

"Regarded as" coverage:

- An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).
- "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.
- The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively *BOTH* transitory (lasting or expected to last six months or less) *AND* minor.
- A person is not able to bring a failure to accommodate claim *if* the individual is covered only under the "regarded as" definition of "disability."

*Note:* Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability. For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.

Enclosure with EEOC
Form 161 (11/16)

# INFORMATION RELATED TO FILING SUIT
# UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was** *mailed* **to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit **before 7/1/10** – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months** of this Notice. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

PRIORITY MAIL
POSTAGE REQUIRED



06/11/2019                    Mailed from 32428      062S0000000313

**PRIORITY MAIL 1-DAY™**

DENNIS L SMITH
5665 HIGHWAY 77 UNIT D
CHIPLEY FL 32428-5505

Expected Delivery Date: 06/12/19
Ref#: tosouthcou
**0006**

**SIGNATURE REQUIRED**        | C005 |

SHIP
TO: CLERK OF COURT
UNITED STATES DISTRICT COURT SOUTHERN
155 SAINT JOSEPH ST
MOBILE AL 36602-3914

**USPS SIGNATURE TRACKING #**



9410 8036 9930 0110 1438 80

Electronic Rate Approved #038555749


UNITED STATES POSTAL SERVICE.