IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DENNIS LEE SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:19cv443-ECM-SMD |
| ) | |
| M1 SUPPORT SERVICES, ) | |
| ) | |
| Defendant. ) | |

RECOMMENDATION OF THE MAGISTRATE JUDGE

*Pro se* plaintiff Dennis Lee Smith ("Plaintiff") has filed a Complaint against M1 Support Services ("Defendant") alleging that he was unlawfully discharged because of his disability. (Doc. 2). Along with his Complaint, Plaintiff filed a Motion for Leave to Proceed *in forma pauperis* (Doc. 1) that the undersigned denied on August 2, 2019. (Doc. 8). Plaintiff paid his filing fee on August 7, 2019 (Doc. 9) but failed to provide the Court with the information needed for the Court to issue a summons.

Rule 4 of the Federal Rules of Civil Procedure sets forth the guidelines for serving a complaint upon a defendant. Of particular importance, here, is subsection (m), which states:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.

At least ninety days has passed since Plaintiff paid his filing fee, and Defendant has yet to be served.[1]

The undersigned entered an order (Doc. 10) on January 16, 2020, directing Plaintiff to "provide the Court with the information required to issue a summons in this matter **no later than January 30, 2020**." (Doc. 10) at 2 (emphasis in original). In the order, the undersigned directed the Clerk of Court "to send Plaintiff a third copy of the information needed to issue the summons along with this order via certified mail." *Id*. The docket indicates that Plaintiff received the materials sent to him by the Court on January 27, 2020. (Doc. 11). However, as of this date, Plaintiff has still not provided the Court with the information needed for a summons to issue in this case.

Within the order directing Plaintiff to provide the Court with the requisite information, the undersigned warned Plaintiff "**that his failure to provide the Court with the information needed to issue the summons will result in the undersigned's recommendation that this case be dismissed for failure to abide by orders of the Court and failure to prosecute this action.**" *Id*. (emphasis in original). Therefore, because Plaintiff has failed to comply with the Court's order and has failed to prosecute this action, it is the

---

[1] Notably, Plaintiff filed his Complaint in June 2019. However, Plaintiff's request to proceed *in forma pauperis* was not denied until August 2019. Therefore, the undersigned will not consider the date Plaintiff filed his Complaint in the ninety-day calculation for required service and will instead calculate the time based upon when Plaintiff was required to submit information to the Court so that a summons could be issued. As stated above, Plaintiff paid his filing fee on August 7, 2019. More than ninety days has passed since that time.

RECOMMENDATION of the undersigned Magistrate Judge that Plaintiff's Complaint (Doc. 1) be DISMISSED without prejudice. It is further

ORDERED that Plaintiff shall file any objections to this Recommendation on or before February 26, 2020.  Plaintiff must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar Plaintiff from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of Plaintiff to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1.  *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 12th day of February, 2020.

/s/ Stephen M. Doyle
STEPHEN M. DOYLE
UNITED STATES MAGISTRATE JUDGE